IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02492-BNB

MICHAEL S. LINDENTHALER,

    Plaintiff,

v.

MARTIN STUART, Attorney at Law, I.D. #28852,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 0 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Michael S. Lindenthaler, has filed a *pro se* Prisoner Complaint. The Court must construe the Complaint liberally because Mr. Lindenthaler is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons set forth below, the Complaint and the action will be dismissed.

The Complaint asserts one claim for relief. Mr. Lindenthaler alleges that, during his state court criminal trial, Defendant Stuart did not visit on a regular basis, failed to return his telephone calls, failed to call witnesses at trial and was rude to Mr. Lindenthaler and his family. Mr. Lindenthaler asserts Defendant Stuart violated his right to equal protection and due process by failing to provide adequate representation during his criminal trial. As relief, Mr. Lindenthaler seeks damages, in addition to a new trial.

Mr. Lindenthaler may not recover damages for the Fourteenth Amendment claims that he asserts because these claims challenge the validity of his conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999).

Mr. Lindenthaler does not allege that he has invalidated his sentence. Therefore, to the extent Mr. Lindenthaler challenges the representation he received at his criminal trial, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1). The Court, nonetheless, will refrain from considering this action as filed pursuant to § 2254. Mr. Lindenthaler is able to file a § 2254 action once he has exhausted his state court remedies. Accordingly, the Complaint and this action will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this ____9____ day of ____December____, 2009.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02492-BNB

Michael S. Lindenthaler
Prisoner No. 146710
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/10/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk